BLANK ROME LLP
Attorneys for Plaintiff
CAMELA NAVIGATION, INC.
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 885-5152
Facsimile: (917) 332-3858
William R. Bennett
WBennett@BlankRome.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAMELA NAVIGATION, INC., <br><br> Plaintiff, <br><br> against <br><br> PARLAY SHIPPING & TRADING, LLC and MAERSK BROKERS AMERICA, <br><br> Defendants. | **COMPLAINT** |

Plaintiff CAMELA NAVIGATION, INC., by its attorneys, Blank Rome LLP, as and for its complaint against defendants PARLAY SHIPPING & TRADING, LLC and MAERSK BROKERS AMERICA, alleges upon information and belief as follows:

1. This is a case within the Court's Admiralty and Maritime jurisdiction pursuant to 28 U.S.C. § 1331, it is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; and, in the alternative, the Court has diversity jurisdiction pursuant to 28 U.S.C. §1333.

2. Venue is proper in this District because both defendants reside within the District and the acts complained of herein occurred in this District.

3. Plaintiff demands a jury.

4. At all times mentioned herein, Plaintiff Camela Navigation, Inc. ("Camela Navagation"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of the Marshall Islands with an office and principal place and business in Greece.

5. Upon information and belief, and at all times hereinafter mentioned, Defendant Parlay Shipping & Trading, LLC ("Parlay") was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Connecticut with its principal place of business located at 107 Church Hill Road, Sandy Hook, CT.

6. Upon information and belief, and at all times hereinafter mentioned, Defendant Maersk Brokers America ("Maersk") was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Connecticut with its principal place of business located at 177 Broad Street, Stamford, CT.

7. Upon information and belief, New Point Energy, Inc., (New Point Energy) was, and still is, a corporation or other business entity duly organized and existing under the laws of Florida with its principal place of business located at 780 Maple Ridge Rd., Palm Harbor, FL.

8. At all times relevant hereto, Camela Navigation was, and still is, the owner of the chemical tanker M/T LYNX.

9. At all times relevant hereto, Parlay was, and still is, a charter broker in the business of locating ships to charter for its clients and takes a share of the commission noted in a particular charter party as its fee.

140659.00601/7227339v.1

10. At all times relevant hereto, Maersk, was, and still is, a charter broker, in the business of locating charterers for ship owners, like Camela Navigation, and would take a percentage of the charter hire earned as its fee.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST PARLAY SHIPPING & TRADING, INC. FOR NEGLIGENT MISREPRESENTATION

11. Parlay advised Maersk that Parlay had a customer, New Point Energy, who was interested in chartering the m/t Lynx. Maersk communicated this information to Camela Navigation.

12. Camela Navigation was concerned about New Point Energy's ability to fulfill a charter because New Point Energy was not a familiar charterer in the chemical tanker market and, accordingly, Camela Navigation requested additional information from Maersk regarding New Point Energy.

13. Thereafter, Parlay represented to Maersk that New Point Energy had previously fixed a charter for a chemical tanker called the "Columbus" and the charter was performed "without any problems." This statement was knowingly false.

14. Parlay previously allegedly entered into a joint venture with New Point Energy and knew or should have known that New Point Energy had never fixed a charter for a chemical tanker called the "Columbus."

15. Based upon the representations of Parlay, Camela Navigation, on or about November 1, 2011, chartered the M/T Lynx to New Point Energy under a "Shelltime 4" Time Charter Party ("Time Charter.")

16. Parlay made material misrepresentations of fact regarding the financial capabilities of New Point Energy.

140659.00601/7227339v.1

17. Parlay knew or should have known that New Point Energy was incapable of fulfilling its financial obligations under the Time Charter.

18. Parlay made material misrepresentations of fact regarding its prior business dealings with New Point Energy.

19. Camela Navigation relied upon statements made by Parlay regarding Parlay's prior business relationship with New Point Energy and New Point Energy's financial ability to fulfill the charterparty.

20. Camela Navigation reasonably relied on the representations of Parlay when it entered into the Time Charter with New Point Energy.

21. New Point Energy breached the Time Charter by failing to pay hire.

22. As a result of Parlay's negligent misrepresentations, Camela Navigation suffered damages in the sum of not less than $300,000 no part of which has been paid although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST PARLAY FOR FRAUDULENT INDUCEMENT

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 contained herein as if set forth more fully at length herein.

24. Parlay advised Maersk that Parlay had a customer, New Point Energy, who was interested in chartering the M/T Lynx. Maersk communicated this information to Camela Navigation.

25. Camela Navigation was concerned that they had never heard of New Point Energy and requested additional information from Maersk regarding New Point Energy. It was made clear by Camela to Maersk that they would not be interested in chartering

4

their vessel to Newpoint without comfort that Newpoint had previously fixed a chemical tanker and payments were in order.

26. Thereafter, Parlay represented to Maersk that New Point Energy had previously fixed a charter for a chemical tanker called the "Columbus" and the charter was performed "without any problems." This statement made by Parlay was knowingly false and made with the sole intent of fraudulently inducing Camela Navigation to charter the M/T Lynx to New Point Energy.

27. Parlay previously entered into a joint venture with New Point Energy and knew that New Point Energy had never fixed a charter for a chemical tanker called the "Columbus."

28. Parlay knew New Point Energy was incapable of fulfilling its financial obligations under the Time Charter.

29. Parlay made the knowingly false statements regarding its prior business dealings with New Point Energy to induce Camela Navigation to enter into the Time Charter.

30. Camela Navigation relied upon statements made by Parlay regarding New Point Energy's past business relationship with New Point and New Point Energy's financial ability to fulfill the Time Charter.

31. On or about November 1, 2011, based upon the representations of Parlay, Camela Navigation entered into the Time Charter with New Point Energy for the m/t Lynx.

32. Camela Navigation reasonably relied on the representations of Parlay when it entered into the Time Charter with New Point Energy.

33. New Point Energy breached the Time Charter by failing to pay hire.

140659.00601/7227339v.1

34. As a result of Parlay's intent to fraudulently induce Camela Navigation to enter into the Time Charter with New Point Energy, Camela Navigation suffered damages in the sum of not less than $300,000 no part of which has been paid although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST PARLAY AND MAERSK FOR BREACH OF FIDUCIARY DUTY

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 33 contained herein as if set forth more fully at length herein.

36. Camela Navigation and Maersk entered into a business relationship whereby Maersk was responsible for obtaining charterers for the vessel m/t Lynx.

37. Maersk received a percentage of the monies earned on the charter hire as its fee.

38. As a joint venturer in the fixing of the ship, with a financial interest in the charter hire earned, Maersk owed a fiduciary duty to Camela Navigation to vett, inquire and investigate all unfamiliar entities requesting to charter the m/t Lynx; with specific emphasis on the financial ability of prospective charterers to pay charter hire.

39. Maersk breached its fiduciary responsibility by not investigating or making an inquiry about the financial condition of New Point Energy, an entity unfamiliar in the chemical tanker market, and/or failing to request financial records from Parlay regarding New Point Energy; especially considering that New Point Energy had no prior relationship with Maersk.

40. Parlay and Maersk were to share the commission earned on the charter hire. As such, Parlay had a fiduciary responsibility to Camela Navigation to vett, inquire and

investigate all unfamiliar entities requesting to charter the m/t Lynx; with specific emphasis on the financial ability of prospective charterers to pay charter hire.

41. Parlay breached its fiduciary responsibility by not investigating or making an inquiry about the financial condition of New Point Energy, an entity unfamiliar in the chemical tanker market, and/or failing to request financial records from New Point Energy.

42. Upon information and belief, New Point Energy had never previously chartered any ocean going vessels; had no offices, no designated telephone number, and no employees. New Point Energy's address is a residential home.

43. Further, upon information and belief, New Point Energy's website contained false and misleading information regarding its incorporation and history.

44. Upon information and belief, with appropriate due diligence, Parlay and Maersk could have discovered that New Point Energy had never previously chartered any ocean going vessels; had no offices, no designated telephone number, no employees, and that New Point Energy's website contained false and misleading information regarding its incorporation and history.

45. As a result of the failure to exercise due diligence and care, the breach of the implied warranty of workmanlike performance and the breach of the fiduciary responsibility by Parlay and Maersk, Plaintiff has been damaged in the sum of not less than $300,000 no part of which has been paid although duly demanded.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST PARLAY FOR VIOLATION OF THE
## CONNECTICUT UNFAIR TRADE PARACTICES ACT

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45 contained herein as if set forth more fully at length herein.

47. Camela is a "person" as defined under the Connecticut Unfair Trade Practices Act ("CUPTA.")

48. The business dealings between Camela and Parlay, i.e., the negotiations regarding the charter of the m/t LYNX, falls within the definition of "trade" under CUPTA.

49. Camela was concerned that it had never heard of New Point Energy and requested additional information regarding New Point Energy.

50. Parlay represented that New Point Energy had previously fixed a charter for a chemical tanker called the "Columbus" and the charter was performed "without any problems."

51. This statement made by Parlay was knowingly false and made with the sole intent of fraudulently inducing Camela Navigation to charter the m/t Lynx to New Point Energy; which New Point Energy breached resulting in Camela suffering monetary damages.

52. Parlay's actions during the negotiations to charter Camela's vessel were deceptive, unethical and unscrupulous and violated CUPTA.

53. As a result of Parlay's violation of CUPTA, Camela has been damaged in the sum of not less than $300,000 no part of which has been paid although duly demanded. Further, under CUPTA, Camela is entitled to treble damages and attorney's fees, both of which are expressly demanded herein.

**WHEREFORE**, Plaintiff prays that judgment be entered (1) on its First and Second Causes of Action against Defendant Parlay in the sum of not less than $300,000 together with cost, interest and attorney's fees; (2) on its Third Cause of Action against Defendants Parlay and Maersk, jointly and severally, in the sum of not less than $300,000 together with cost, interest and attorney's fees; and, (3) on its Fourth Cause against Defendant Parlay in the sum of not less than $900,000 together with interest and attorney's fees, and for such other further and different relief as this court may deem just and proper.

DATED:   New York, NY
         March 25, 2013                  BLANK ROME LLP

                                         By: /s/ William R. Bennett
                                         William R. Bennett
                                         The Chrysler Building
                                         405 Lexington Avenue
                                         New York, NY 10174
                                         *Attorneys for Plaintiff*
                                         *Camela Navigation, Inc.*